UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY L. FALLS, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 2490 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| PAMALA MEYERSON, TINA M. PARIES, THE | ) | |
| STATE OF ILLINOIS, and MICHAEL J. DENO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Rodney L. Falls brought this suit under 42 U.S.C. § 1983 and Illinois law against Cook

County Circuit Judge Pamala Meyerson, Tina M. Paries, the State of Illinois, and Michael J.

Deno, alleging that he was wrongfully prohibited from appearing *pro se* in a state court lawsuit.

Doc. 9. Paries moves under Rule 12(b)(6) to dismiss the claims against her, Doc. 17, and Judge

Meyerson, the State, and Deno ("State Defendants") move under Rules 12(b)(1) and 12(b)(6) to

dismiss the claims against them. Doc. 31. Falls concedes that his Illinois law claims and claims

against the State should be dismissed. Doc. 38 at 12. As for the remaining claims, State

Defendants' Rule 12(b)(1) motion is denied, and the Rule 12(b)(6) motions are granted.

**Background**

The operative complaint's well-pleaded facts generally are assumed true on Rule 12(b)(1)

and Rule 12(b)(6) motions, and all reasonable inferences are drawn in Falls's favor. *See Reger*

*Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010); *Patel v. City of Chicago*, 383

F.3d 569, 572 (7th Cir. 2004). In evaluating a motion to dismiss, the court must consider "the

complaint itself, documents attached to the complaint, documents that are critical to the

complaint and referred to in it, and information that is subject to proper judicial notice."

*Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Orders entered and filings made in other courts are subject to judicial notice, as are "adjudicative facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *United States v. Stevens*, 500 F.3d 625, 628 n.4 (7th Cir. 2007) (internal quotation marks omitted); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 n.2 (7th Cir. 2009). The following facts are stated as favorably to Falls as permitted by the complaint and other materials that may be considered on Rule 12(b)(1) and 12(b)(6) motions.

Falls is the former owner, sole shareholder, guarantor, and (alleged) successor in interest of Chiliad Partners Limited. Doc. 9 at p. 4, ¶ 9. Chiliad was dissolved by order of the Illinois Secretary of State in April 2016. *Id*. at p. 6, ¶¶ 20-21; *id*. at p. 77.

Prior to its dissolution, Chiliad filed a lawsuit in Illinois state court against South Suburban Condominium Association and its Board of Managers. *Id*. at p. 2, ¶ 2; *id*. at pp. 26-39; *see Chiliad Partners, Ltd. v. S. Suburban Park Condo.*, No. 2014 CH 11731 (Cir. Ct. Cook Cnty., Ill.). Paries, an attorney at a private law firm, represented the defendants in that suit. Doc. 9 at p. 4, ¶ 11; *id*. at pp. 46, 52. Judge Kathleen Kennedy presided at the outset, and the suit was reassigned to Judge Meyerson in January 2015. *Id*. at pp. 2-3, ¶¶ 3-5; *id*. at pp. 21-25.

Chiliad was represented by a rotating cast of attorneys and unrepresented at various junctures, and the last of its attorneys withdrew as of early 2021 at the latest. *Id*. at pp. 3, ¶ 5a; *id*. at pp. 21-39, 53-69, 72-74. During the junctures when Chiliad was unrepresented and after its dissolution, Falls on several occasions attempted to appear *pro se* as Chiliad's purported "successor in interest" and moved to substitute himself for Chiliad as the party plaintiff. *Id*. at p. 3, ¶¶ 5d, 6, p. 11, ¶¶ 37-38; *id*. at pp. 49-51, 79-84. Judge Meyerson rejected those efforts. In an August 2018 order, Judge Meyerson held that "the purported assignment of [Chiliad's] claims

[to Falls] appears to be an attempt to evade the requirement that a corporation must be represented by counsel." *Id*. at p. 78; *see also id*. at pp. 72-73. And in an April 2021 order, Judge Meyerson held "that there has been no material change in facts that would lead the Court to reach a different conclusion from that set forth in the Court's August 15, 2018 ruling" and, after Falls "indicated that he did not intend to arrange for representation by an attorney," she dismissed his suit for want of prosecution. *Id*. at pp. 85-89.

Deno is the Executive Director of the Illinois Judicial Inquiry Board. *Id*. at p. 4, ¶ 12. Falls alleges that the Board has failed to implement procedures to prevent unlawful conduct by Judge Meyerson and other state court judges. *Id*. at pp. 13-18, ¶¶ 45-77; *id*. at pp. 102-103; Doc. 43.

## Discussion

### I.     Rule 12(b)(1) Motion

State Defendants contend that Falls's claims against them are barred by the *Rooker-Feldman* doctrine. Doc. 32 at 5-7. *Rooker-Feldman* is a "narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Lance v. Dennis*, 546 U.S. 459, 464, (2006)) (internal quotation marks omitted). The doctrine applies only where "the losing party in state court filed suit in federal court *after the state proceedings ended*." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005). "Proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum." *Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014) (internal citations omitted).

Although a state court order need not be "a final appealable order under [state] law" to predicate application of the *Rooker-Feldman* doctrine, the order nonetheless must be "effectively final." *Bauer v. Loester*, 951 F.3d 863, 867 (7th Cir. 2020). Judge Meyerson's April 2021 order dismissing the state court suit for want of prosecution is not effectively final because Illinois law gives Falls one year, or until April 2022, to refile the suit. *See Sardon v. Gutierrez*, 2020 IL App (3d) 190556-U, ¶ 7, 2020 WL 5237319, at *1 (Ill. App. Sept. 2, 2020) (citing 735 ILCS 5/13-217). It follows that *Rooker-Feldman* does not bar this suit. Given this disposition, there is no need to decide whether applying *Rooker-Feldman* would be compatible with *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995).

## II.     Rule 12(b)(6) Motions

### A.     Paries

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Falls's § 1983 claim against Paries fails on both counts.

As to whether Paries was a state actor, it is beyond dispute that her sole involvement in the state court suit was as counsel for the defendants. Falls submits that Paries nonetheless qualifies as a state actor because she "corruptly conspire[d]" with Judge Meyerson to foil his efforts to appear and substitute himself as the plaintiff in that suit. Doc. 28 at 2. True enough, "[p]rivate action can become state action when private actors conspire with or are jointly engaged with state actors to deprive a person of constitutional rights." *Hallinan v. Fraternal Order of Police*, 570 F.3d 811, 816 (7th Cir. 2009). But the mere fact that an attorney made an argument and a judge accepted it does not give rise to a plausible inference that the attorney and

4

judge conspired with one another. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Of course, merely … being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Fries v. Helsper*, 146 F.3d 452, 457-58 (7th Cir. 1998) (same). Falls alleges nothing more than that mere fact as to Paries and Judge Meyerson. *See Falls v. Schuster*, No. 21 C 1502 (N.D. Ill. Mar. 22, 2021), ECF No. 5 (dismissing a materially identical § 1983 claim brought by Falls against an attorney who represented his adversary in a state court domestic relations case).

Nor does Falls plausibly allege the violation of a right secured by federal law. Citing 28 U.S.C. § 1654, Falls argues that because he (allegedly) is the successor in interest to Chiliad, he had a right to appear *pro se* and represent himself in the state court case. Doc. 9 at pp. 3, 5, ¶¶ 6, 14; Doc. 28 at 2. By its own terms, however, § 1654 does not apply in state court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally … ."); *Scott v. Wainwright*, 617 F.2d 99, 104 (5th Cir. 1980) ("The instant case involves denial of the right in a state court, and 28 U.S.C. § 1654 is hence not applicable."). Moreover, Falls cites no authority for the proposition that he has a federal constitutional right to substitute himself for a dissolved company as the plaintiff in ongoing litigation. Docs. 28, 38, 43. Falls accordingly has forfeited any argument that he has such a right. *See Williams v. Bd. of Educ. of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (holding that the plaintiff abandoned a claim asserted in a complaint where "he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss").

### B.      State Defendants

Falls's claim against Judge Meyerson fails on the merits because, as just noted, he does not allege the violation of a federal right in connection with the rejection of his efforts to appear in Chiliad's stead as party plaintiff in the state court case.  Even putting that aside, Judge Meyerson is protected by absolute judicial immunity, which "extends to acts performed by the judge in the judge's judicial capacity" and "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).  Falls complains about orders that Judge Meyerson entered and actions that she took as a judicial officer in the state court case, so she is absolutely immune from liability.  *See Dennis*, 449 U.S. at 27 ("The courts below concluded that the judicial immunity doctrine required dismissal of the § 1983 action against the judge who issued the challenged injunction, and as the case comes to us, the judge has been properly dismissed from the suit on the immunity grounds.").

The § 1983 claim against Deno is dismissed because the complaint does not plausibly claim that he violated Falls's federal rights by (allegedly) failing as Executive Director of the Illinois Judicial Inquiry Board to prevent unlawful conduct by Judge Meyerson and other state court judges.  Doc. 9 at pp. 13-18, ¶¶ 45-77; Docs. 38, 43.  The only gesture towards a federal claim that can be discerned from the complaint is Falls's allegation that Deno's failures have had a disproportionate impact on Black persons.  Doc. 9 at pp. 17-18, ¶¶ 66-77.  But a Fourteenth Amendment equal protection cannot rest solely on an allegation of disparate impact.  *See Quinn v. Illinois*, 887 F.3d 322, 325-26 (7th Cir. 2018).

### Conclusion

Although the court has jurisdiction over this suit, Falls's claims are dismissed on the merits.  And although it is difficult to imagine how Falls might cure the deficiencies in the

operative complaint, he will be given one chance to replead. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend … ."). Accordingly, the operative complaint is dismissed without prejudice, and Falls is given until February 23, 2022 to file a second amended complaint. If Falls does not do so, the dismissal of his claims will convert automatically to a with-prejudice dismissal and judgment will be entered.

February 2, 2022

_____

United States District Judge